**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KENNETH MARSHALL,**

                    **CASE NO. 2:14-CV-812**

    **Petitioner,**               **JUDGE GREGORY L. FROST**

                         **Magistrate Judge Elizabeth P. Deavers**

    **v.**

**WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**ORDER and
REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a *Motion for Summary Judgment* and *Memorandum in Support*, ECF 9, 10; a *Motion to Appeal*, ECF 16; and a *Motion for Free Copies*, ECF 18. Respondent opposes Petitioner's *Motion for Summary Judgment. Response in Opposition*, ECF 13. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Petitioner's *Motion for Summary Judgment* and request for an evidentiary hearing, ECF 9, be **DENIED**.

Petitioner's *Motion to Appeal*, ECF 16, is **DENIED.**

Petitioner's *Motion for Free Copies*, ECF 18, is **GRANTED** to the extent of this Order.

Respondent is **DIRECTED** to submit a copy of the transcript of Petitioner's guilty plea and sentencing hearing, and to serve a copy on Petitioner, within thirty (30) days of the date of this *Order.*

**Procedural History**

This case involves Petitioner's August 20, 2013, conviction on identity fraud in the Franklin County Court of Common Pleas made pursuant to the terms of his guilty plea. *Exhibit 4 to Motion to Dismiss*, ECF 8-1, PageID# 74-75. The trial court imposed a sentence of three years incarceration, and indicated that it may consider judicial release. *Judgment Entry, Exhibit 6 to Motion to Dismiss,* PageID# 76-77. Petitioner did not timely appeal. On January 14, 2014, he filed a motion for leave to file a delayed appeal.[1] *Exhibit 7 to Motion to Dismiss*, PageID# 78-89. On February 18, 2014, the appellate court denied Petitioner's motion for leave to file a delayed appeal based on his failure to comply with Ohio Appellate Rule 5(A)(2), as he had failed to file a notice of appeal concurrently with the motion for a delayed appeal. *Exhibit 9 to Motion to Dismiss,* PageID# 92. Petitioner filed a motion for reconsideration. *Exhibit 10 to Motion to Dismiss*, PageID# 93-98. On March 14, 2014, the appellate court denied Petitioner's motion for reconsideration as untimely. *Exhibit 11 to Motion to Dismiss,* PageID# 99. Petitioner did not pursue an appeal with the Ohio Supreme Court. In April 2014, Petitioner filed a motion for judicial release. *Exhibit 12 to Motion to Dismiss*, PageID# 100-104. On May 16, 2014, the trial court denied the motion. *Exhibit 15 to Motion to Dismiss*, PageID# 111. In August 2014, Petitioner again filed a motion for judicial release. *Exhibit 16 to Motion to Dismiss*, PageID# 112-114. The record does not indicate that the trial court ruled on the motion.

On June 30, 2014, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 31, 2014, Petitioner filed *Amended and Supplemental Pleadings*. ECF 4. Petitioner asserts that he was denied the effective assistance of counsel, denied full and fair appellate review in the state courts, that his guilty plea was not knowing,

---

[1] Petitioner indicates that he deposited his motion for a delayed appeal with prison authorities on December 10, 2013. PageID# 83.

intelligent or voluntary, and that he was denied appellate counsel. It is the position of the Respondent that Petitioner's claims are noncognizable, without merit, unexhausted, or procedurally defaulted. *Motion to Dismiss*, ECF 8.

**Motion for Summary Judgment**

Petitioner requests the Court to grant summary judgment in his favor or in the alternative, grant him an evidentiary hearing. In support, he asserts that the record is without dispute that he could not obtain meaningful review in the state courts despite his attempts to obtain assistance from the Department of Rehabilitation and Correction, prison officials, and the Ohio Public Defender. He claims that he was denied the effective assistance of trial counsel. He asserts that the case constitutes a manifest miscarriage of justice. He complains that he was denied a full and fair hearing in the state courts based on his indigent *pro se* incarcerated status. ECF 9, PageID# 133-36. In response, Respondent maintains that Petitioner has waived his claims for relief and the record indicates that Petitioner entered a knowing, intelligent, and voluntary guilty plea. ECF 13.

As a general principle, a petitioner in habeas corpus may seek summary judgment by satisfying the requirements of Federal Rule of Civil Procedure 56. *See Franklin v. Mansfield Corr. Inst.*, No. 3:04–cv–187, 2006 WL 2128939 at *2 (S.D. Ohio July 27, 2006) (citing *Blackledge v. Allison*, 431 U.S. 63, 80–81 (1977) and *Browder v. Director*, 434 U.S. 257, 266, n.10 (1978)). Rule 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense-- or the part of each claim or defense-- on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Petitioner has failed to meet this standard. The Respondent disputes the claims Petitioner raises

in support of his Motion for Summary Judgment.  Further, the issues Petitioner raises therein are properly addressed in the resolution of the merits of this case.  It is therefore **RECOMMENDED** that Petitioner's *Motion for Summary Judgment*, ECF 9, be **DENIED**.  The record does not reflect that an evidentiary hearing is required for resolution of Petitioner's *Motion for Summary Judgment*.  It is accordingly also **RECOMMENDED** that this request be **DENIED**.

**Motion to Appeal**

Petitioner has filed a *Motion to Appeal.*  ECF 16.  In it, he argues that he has established cause for any procedural default based on the denial of counsel on appeal and asserts that he has been denied access to the courts and the effective assistance of counsel.  He requests to file an appeal or, in the alternative, an interlocutory appeal.

The Court has yet to issue a final judgment in this case.  Petitioner's request for an appeal, therefore, is not appropriately addressed at this time.  "Litigants are generally not entitled to appellate review of court orders prior to a final judgment on the merits."  *Trimble v. Bobby*, No. 5:10-CV-00149, 2011 WL 1982919, at *1 (N.D. Ohio May 20, 2011)(citing *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978)).  28 U.S.C. § 1292(b) provides that where an order involves a "controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may material advance the ultimate termination of the litigation" the Court of Appeals may permit an interlocutory appeal.  However, "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases."  *In re Memphis,* 298 F.3d 345, 350 (6th Cir. 2002)(citation omitted).  "The burden of showing exception circumstances justifying an interlocutory appeal rests with the party seeking review."  *Trimble v. Bobby*, 2011 WL 1982919, at *1 (citing *In re Memphis*, 298 F.3d at 350)).

Petitioner has failed to meet this burden here.  He does not indicate the nature of his request for an interlocutory appeal.  Moreover, the record does not indicate that the Court has issued an order justifying such a request.

Petitioner's *Motion to Appeal*, ECF 16, is **DENIED.**

**Motion for Free Copies**

Petitioner has written a letter to the Court, docketed as a *Motion for Free Copies*, ECF 18, in which he requests to be provided free copies of documents related to his case.  Petitioner appears to indicate that he is requesting a copy of the transcript of the hearing at which he pleaded guilty.  Petitioner complains that he has been unable to obtain such documents in view of his indigent-incarcerated status.  Respondent has not opposed Petitioner's request.

Petitioner asserts that he did not knowingly, intelligently or voluntarily enter his guilty plea.  He asserts that the state courts deprived him of his right to appeal and to the assistance of counsel on his first appeal of right.  Respondent argues to the contrary.  The record does not reflect whether Petitioner previously has been provided with a copy of his guilty plea and sentencing hearing, or that counsel represented him on appeal.

Because a copy of the transcript of Petitioner's guilty plea and sentencing hearing would be helpful to consideration of the issues raised herein, Respondent is **DIRECTED** to file a copy of the transcript of Petitioner's guilty plea and sentencing hearing with the Court, and to serve a copy on Petitioner, within thirty (30) days of the date of this order.

Petitioner's *Motion for Free Copies* is **GRANTED** to the extent of this Order.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

     **IT IS SO ORDERED.**

            *s/ Elizabeth A. Preston Deavers*
            Elizabeth A. Preston Deavers
            United States Magistrate Judge