**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KENNETH MARSHALL,**

    **Petitioner,**

    v.

**WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:14-CV-00812
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant *Petition*, *Memorandum in Support*, and *Amended and Supplemental Pleadings,* (ECF Nos. 1, 3, 4); Respondent's *Motion to Dismiss* and *Supplemental Memorandum in Support*, (ECF Nos. 8, 12); Petitioner's *Traverse* and *Response to Motion to Dismiss,* (ECF Nos. 11, 15); Petitioner's *Motion for Relief from Judgment,* (ECF No. 27); "*Rule 54 Judgment on the Pleadings,*" (ECF No. 28), and the exhibits of the parties.

For the reasons that follow the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* be **GRANTED**.

Petitioner's *Motion for Relief from Judgment* and "*Rule 54 Judgment on the Pleadings*," are **DENIED.**

**Motion for Relief from Judgment**

Petitioner has filed a *Motion for Relief from Judgment* in regard to the denial of his *Motion for Summary Judgment*. (See *Order,* ECF No. 25.) In it, Petitioner indicates that he

1

suffers from mental health issues. He complains that his *pro se* incarcerated status puts him at a disadvantage. PageID# 281-82.

The Court liberally construes the pleadings of a *pro se* incarcerated prisoner, and does so in its consideration of this case. *Haines v. Kerner*, 404 U.S. 519, 595-96 (1972). However, Petitioner has provided no basis for reconsideration of the denial of his *Motion for Summary Judgment*. Petitioner's *Motion for Relief from Judgment*, (ECF No. 27) is **DENIED.**

**Judgment on Pleadings**

Petitioner also has filed a *"Rule 54 Judgment on the Pleadings."* In it, Petitioner indicates that he is confused by the filing of the transcripts in this case. The remainder of the motion is unintelligible. Petitioner's *"Rule 54 Judgment on the Pleadings"* (ECF No. 28) is **DENIED.**

**Procedural History**

This case involves Petitioner's August 20, 2013 conviction for identity fraud in the Franklin County Court of Common Pleas made pursuant to the terms of his guilty plea. (ECF No. 8-1, PageID# 73--74.) On October 21, 2013, the trial court imposed a three-year term of imprisonment and indicated that it may consider judicial release. (PageID# 76-77.) Petitioner did not timely appeal. On January 14, 2014, he filed a motion for leave to file a delayed appeal.[1] (PageID# 78-89.) As grounds for his untimely filing, Petitioner indicated that he had been denied access to the prison law library. (PageID# 79.)[2] On February 18, 2014, the appellate

---

[1] Petitioner indicates that he deposited his motion for a delayed appeal with prison authorities on December 10, 2013. (PageID# 83.)

[2] Petitioner attached to his motion for delayed appeal a letter dated December 24, 2013, from the Clerk of the Ohio Supreme Court indicating that a "document titled delayed appeal" was being returned for failure to comply with the Rules of Practice of the Supreme Court of Ohio. (ECF No. 8-1, PageID# 84.) He also attached a copy of a January 2, 2014, letter he wrote to the Court of Appeals indicating that he had not been advised of his appellate rights at sentencing, had been

court denied Petitioner's motion for leave to file a delayed appeal based on his failure to comply with Ohio Appellate Rule 5(A)(2) because he failed to file a notice of appeal concurrently with the motion for a delayed appeal. (PageID# 92.) Petitioner filed a motion for reconsideration. (PageID# 93-98.) On March 14, 2014, the appellate court denied Petitioner's motion for reconsideration as untimely. (PageID# 99.) Petitioner did not pursue an appeal with the Ohio Supreme Court. In May 2014, Petitioner filed a motion for judicial release. The trial court denied the motion. (PageID# 111.) In August 2014, Petitioner filed a motion for judicial release. (PageID# 112-114.) On September 30, 2014, the trial court denied his request for judicial release. (*Motion for Relief from Judgment*, ECF 27, PageID# 282, 284.)

On June 30, 2014, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and memorandum in support. Petitioner has filed *Amended and Supplemental Pleading,* in which he has attached exhibits in support. Petitioner asserts that he was denied the effective assistance of counsel, denied full and fair appellate review, that his guilty plea was not knowing, intelligent or voluntary, and that he was denied appellate counsel. It is the position of the Respondent that Petitioner's claims are noncognizable, without merit, unexhausted, or procedurally defaulted.

Petitioner claims that his guilty plea was not knowing, intelligent or voluntary because his attorney assured him that if he pleaded guilty, he would be released. He maintains that, despite these assurances, at sentencing the trial court revoked his bond and imposed the maximum sentence. Petitioner asserts that he was denied the assistance of counsel for appeal and the right to an appeal. According to Petitioner, he exercised diligence in attempting to

---

denied effective assistance of counsel and access to the courts, that he was under the influence of drugs at the time of his guilty plea, and that his guilty plea was not knowing, intelligent or voluntary. (PageID# 85-89.)

3

timely appeal by pursuing assistance in the filing of an appeal. Petitioner has attached what purport to be letters he wrote to prison officials dated November 6, 2013 and December 29, 2013 requesting access to the prison's law library for the filing of an appeal. (ECF No. 4-1, PageID# 20; ECF No. 4-5, PageID#31-32.) He also has attached a letter he wrote to the Ohio Public Defender requesting assistance on January 2, 2013.[3] (ECF 4-3, PageID# 26-29.) Petitioner also has including in his filings a letter from the public defender dated March 6, 2014 advising Petitioner that the appellate court had denied leave to appeal but "hopefully" would consider a second motion. The assistant public also defender suggested that Petitioner consider seeking judicial release. (ECF No. 4-4, PageID# 30.) Petitioner has attached documents submitted to prison officials complaining of lack of access to the prison law library. (ECF Nos. 4-5, 4-6, PageID# 31-33.)

**Exhaustion**

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Petitioner failed to raise his on-the-record claims in a timely appeal to the state appellate court. The appellate court dismissed his motion for a delayed appeal for failure to comply with Ohio procedural requirements. However, Petitioner never pursued an appeal to the Ohio

---

[3] Presumably, Petitioner mistakenly indicated 2013 when he meant to date the letter 2014.

Supreme Court. Although the time period has expired to do so, Petitioner may still pursue a motion for delayed appeal. Thus, his claims are barred under the doctrine of exhaustion. Because Petitioner still may file a motion for a delayed appeal in the Ohio Supreme Court, his claims remain unexhausted.

Further, the record fails to reflect that a stay of proceedings is appropriate. Where the statute of limitations established by 28 U.S.C. § 2244(d) may bar a petitioner from re-filing his habeas corpus petition upon exhaustion of state remedies, a stay of proceedings may be warranted where the petitioner establishes "good cause" for failing to exhaust state remedies and where the petitioner's unexhausted claims are potentially meritorious. *Rhines v. Weber*, 544 U.S. 269, 277 (2006).

> [A] stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id*. Here, Petitioner does not articulate any grounds for his failure, to date, to pursue a delayed appeal in the Ohio Supreme Court. The Ohio Supreme Court likely will deny his motion for a delayed appeal under these circumstances.

In *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005), the United States Court of Appeals for the Fifth Circuit held that claims are "plainly meritless" for purposes of deciding whether to grant a stay of habeas corpus proceedings where the petitioner is procedurally barred from raising his unexhausted claims in the state courts. The record in this case likewise provides

no basis for concluding that Petitioner's untimely claims of ineffective assistance of trial counsel are potentially meritorious.

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss,* (ECF No. 8) be **GRANTED** and that this action be **DISMISSED**.

Petitioner's *Motion for Relief from Judgment* and "*Rule 54 Judgment on the Pleadings*" (ECF Nos. 27, 28) are **DENIED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

  **s/** *__Elizabeth A. Preston Deavers__*
**Elizabeth A. Preston Deavers**
**United States Magistrate Judge**