IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH MARSHALL,** | : | |
| Petitioner, | : | Civil Action 2:14-cv-812 |
| v. | : | **JUDGE GREGORY L. FROST** |
| **WARDEN, PICKAWAY CORRECTIONAL INSTITUTION,** | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| Respondent. | | |

### ORDER

This matter is before the Court for consideration of Petitioner's "Judicial Notice/Affidavit," (ECF No. 41), in which he informs the Court that his July 7, 2015 filing (ECF No. 39) was, in fact, his Notice of Appeal.[1] (*See* ECF No. 37.) Consequently, the Court now construes the July 13, 2015 filing by Petitioner as his Notice of Appeal. In accordance with Rule 11(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court must consider whether to issue a certificate of appealability.

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordon v. Fisher*, 135 S.Ct. 2647, 2650 (2015). Instead, a certificate of appealability "will issue only if the requirements of [28 U.S.C.] § 2253 have been satisfied." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under Section

---

[1] The Court construed the filing as a letter. (*See* ECF No. 40.) Close examination of the letter reveals that Petitioner indicated in the top, right-hand corner of the letter that it was an "Appeal, Writ of habeas corpus." (ECF No. 39.)

2254 (§ 2253 applicable to habeas actions under § 2254).  Section 2253 permits issuance of a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In *Jordan*, the Supreme Court recently stated, "Our precedents give form to this statutory command, explaining that a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 135 S.Ct. at 2650 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citations omitted)).  In order to satisfy this standard, a prisoner need not demonstrate that the appeal will succeed, but "must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Id*. (internal quotation marks and citation omitted).

Applying the foregoing standards to the instant case, the Court declines to issue a certificate of appealability.  The Court granted Respondent's Motion to Dismiss because Petitioner failed to exhaust his claims via a timely appeal to the state appellate court.  Based upon the record, for the reasons set forth in the United States Magistrate Judge's June 6, 2015 Report and Recommendation (ECF No. 29), the Court finds reasonable jurists could not debate the Court's resolution of Respondent's Motion to Dismiss.  The Court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

       /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE